## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL TODD, as assignee of** | ) | |
| **Mike Reese** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 11-CV-5522** |
| | ) | |
| **LVNV FUNDING LLC** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Todd, as assignee of Mike Reese, *pro se* in the above styled cause, and for Plaintiff's Complaint against the Defendant Plaintiff states as follows:

## Jurisdiction & Venue

1.  These claims are brought under 28 U.S.C. § 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests. Jurisdiction is also proper as 15 U.S.C. § 1681 *et seq.* and 15 U.S.C. § 1692 *et seq.* presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. §1367.

2.     Venue is proper in the Northern Division of this District pursuant to 28
       U.S.C. § 1391(b-c) because a substantial part of the events or omissions
       giving rise to the claim occurred here and Defendant routinely conducts
       business in the Northern Division of this District.

3.     The Plaintiff, Michael Todd, ("Todd" or "Plaintiff"), is a natural person who
       resides within the Northern Division of this District.

4.     Defendant LVNV FUNDING LLC ("LVNV" or "Defendant") is a foreign
       company that routinely engages in business in this judicial district and has
       appointed an agent for service of process in this judicial district.

## FACTUAL ALLEGATIONS

5.     Mike Reese (herein "Reese") is a consumer as defined in the Fair Debt
       Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.* and a person
       a defined in the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et
       seq.*.

6.     The amounts originally owed by Reese to LVNV each constituted a debt
       under FDCPA as the alleged obligations of Reese was to pay money arising
       out of a transaction in which the money, property, insurance or services

which were subject to the transaction were primarily for personal, family, or household purposes.

7.    LVNV is a debt collector under FDCPA and a person under FCRA.

8.    On information and belief, LVNV collected on 4 different debts from Reese including:

- LVNV redacted acct number 604583120180XXXX

- LVNV redacted acct number 444796211953XXXX

- LVNV redacted acct number 504994804013XXXX

- LVNV redacted acct number 798222243031XXXX

9.    On information and belief, LVNV began reporting account number 604583120180XXXX on Reese's TransUnion and Equifax consumer reports on or before January 2010.

10.    On information and belief, LVNV began reporting account number 444796211953XXXX on Reese's TransUnion and Equifax consumer reports on or before April 2011.

11.    On information and belief, LVNV began reporting account number 504994804013XXXX on Reese's TransUnion and Equifax consumer reports on or before October 2009.

12.     On information and belief, LVNV began reporting account number 798222243031XXXX on Reese's TransUnion and Equifax consumer reports on or before September 2009.

13.     On information and belief, LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 604583120180XXXX that was at least 180 days later than the date of the first delinquency with the original creditor. LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 604583120180XXXX of October 2009. At the time LVNV provided the alleged date of delinquency, it knew the information it was reporting to TransUnion and/or Equifax was inaccurate and the alleged date of delinquency was, in fact, inaccurate.

14.     On information and belief, the original creditor on LVNV account 604583120180XXXX was GE Capital and GE Capital reported to TransUnion and/or Equifax that the date of delinquency on the account was March 2008.

15.     By and through LVNV providing an alleged date of delinquency of October 2009 relating to account 604583120180XXXX on Reese's TransUnion and/or Equifax consumer reports, LVNV will be causing the account to remain on Reese's credit reports longer than is available under the Fair Credit Reporting Act. On information and belief, LVNV last updated the

TransUnion and/or Equifax relating to account 604583120180XXXX in January 2010.

16.     On information and belief, LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 444796211953XXXX that was at least 180 days later than the date of the first delinquency with the original creditor. LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 444796211953XXXX of December 2010. At the time LVNV provided the alleged date of delinquency, it knew the information it was reporting to TransUnion and/or Equifax was inaccurate and the alleged date of delinquency was, in fact, inaccurate.

17.     On information and belief, LVNV established and followed reasonable procedures to retrieve the actual date of delinquency from the original creditor on account 444796211953XXXX but provided a date of delinquency to TransUnion and/or Equifax with a separate and incorrect date of delinquency. On information and belief, LVNV last updated the TransUnion and/or Equifax relating to account 444796211953XXXX in April 2011.

18.     By and through LVNV providing an alleged date of delinquency of December 2010 relating to account 444796211953XXXX on Reese's TransUnion and/or Equifax consumer reports, LVNV will be causing the

account to remain on Reese's credit reports longer than is available under the Fair Credit Reporting Act.

19.     On information and belief, LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 504994804013XXXX that was at least 180 days later than the date of the first delinquency with the original creditor. LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 504994804013XXXX of June 2009. At the time LVNV provided the alleged date of delinquency, it knew the information it was reporting to TransUnion and/or Equifax was inaccurate and the alleged date of delinquency was, in fact, inaccurate.

20.     On information and belief, the original creditor on LVNV account 504994804013XXXX was SEARS and SEARS previously reported to TransUnion and/or Equifax that the date of delinquency on the account was November 2007.

21.     By and through LVNV providing an alleged date of delinquency of June 2009 relating to account 504994804013XXXX on Reese's TransUnion and/or Equifax consumer reports, LVNV will be causing the account to remain on Reese's credit reports longer than is available under the Fair Credit Reporting Act. On information and belief, LVNV last updated the

TransUnion and/or Equifax relating to account 504994804013XXXX in October 2009.

22.  On information and belief, LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 798222243031XXXX that was at least 180 days later than the date of the first delinquency with the original creditor. LVNV provided TransUnion and/or Equifax an alleged date of delinquency on account 798222243031XXXX of June 2009. At the time LVNV provided the alleged date of delinquency, it knew the information it was reporting to TransUnion and/or Equifax was inaccurate and the alleged date of delinquency was, in fact, inaccurate.

23.  On information and belief, the original creditor on LVNV account 798222243031XXXX was GE Capital / Lowes and GE Capital / Lowes previously reported to TransUnion and/or Equifax that the date of delinquency on the account was March 2008.

24.  By and through LVNV providing an alleged date of delinquency of October 2009 relating to account 798222243031XXXX on Reese's TransUnion and/or Equifax consumer reports, LVNV will be causing the account to remain on Reese's credit reports longer than is available under the Fair Credit Reporting Act. On information and belief, LVNV last updated the

TransUnion and/or Equifax relating to account 798222243031XXXX in September 2009.

25. At all times from the time of the first reporting on each LVNV account of Reese through April 2011, LVNV knew it was reporting inaccurate dates of delinquency on each of the accounts but refused to take any steps to correct or update the reports. The actions and/or inactions by LVNV were done knowingly and willfully with the intent to cause the accounts to remain on Reese's credit reports longer than would be available under statute in LVNV's conduct to unlawfully punish Reese.

26. LVNV last reported information on Reese in April 2011 but refused to update any of the Reese accounts with correct dates of delinquency in April 2011 or before.

## FACTS - DAMAGES

27. On August 4, 2011, Reese assigned to Todd certain legal claims and damages, including those against LVNV as stated herein.

28. The conduct of the LVNV proximately caused Reese past and future economic loss, past and future damage to Reese's credit and credit worthiness, and other actual damages that were assigned to Todd. LVNV is liable to Todd for all applicable damages incurred by Reese as a result of its actions and/or inactions.

## <u>FACTS – DEFENDANT'S KNOWLEDGE OF</u>
## <u>THEIR WRONGFUL CONDUCT</u>

29.  LVNV knew and continues to know that it must provide a correct date of delinquency to the credit bureaus and it must update the account appropriately to the credit bureaus.

30.  LVNV has promised through their subscriber agreements or contracts with each CRA to update accounts to make them accurate which includes providing accurate dates of delinquency on  accounts but LVNV has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act and state law which has resulted in the intended consequences of this false information remaining on Reese's credit reports.

31.  LVNV has agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681s-2(a)(1)(A) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate</u>."

- 15 U.S.C. § 1681s-2(a)(2) which states:

" A person who –
(A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)   <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate,</u>

shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make the information</u> provided by the person to the agency <u>complete</u> and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

- 15 U.S.C. § 1681s-2(a)(5) which states:

"(A) In general
A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceeded the action"

(B) Rule of construction
For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph if-
(i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;
(ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or
(iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of delinquency precedes the date on which the account is placed

for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

[Emphasis added].

32. LVNV has a duty under state law to act reasonably under the circumstances. LVNV has violated this duty under state law by failing to act reasonably under the circumstances which include, but are not limited[1] to, the following:

• Defendant previously reported a date of delinquency on accounts of Reese;

• Defendant routinely updates credit reports;

• Defendant knows that a user of a credit report of Reese will see the dates of delinquency LVNV provided to the CRA's;

• Defendant knows the account reported to the CRAs does not show that the correct date of delinquency on any of the accounts relating to Reese;

• Defendant knows that providing inaccurate dates of delinquency on the accounts will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

_____

[1] Until discovery is completed, Plaintiff cannot know all the circumstances.

- Defendant knows that failing to update the accounts with correct dates of delinquency is inaccurate and/or will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

- Defendant knows it is an extraordinarily easy matter to update Reese's credit report to show correct dates of delinquency on accounts of Reese;

- Defendant knows and has agreed it must follow the FCRA which requires inaccurate information to be updated and corrected;

- Defendant has chosen to not update the account;

- Defendant knows its actions will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

33. LVNV has a policy and procedure to refuse to properly update credit reports of consumers, like Reese. The reason is to keep false information on the credit report.

34. LVNV updates many accounts each month with allegedly the correct dates of delinquency but has willfully and maliciously refused to do so with Reese and with others who are similarly situated.

## **FACTS – SUMMARY OF WRONGFUL CONDUCT**

35.    It is a practice of the Defendant to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the federal and state law.

36.    All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

37.    All actions taken by the Defendant were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Reese and/or with the knowledge that their actions would very likely harm Reese and/or that their actions were taken in violation of the law.

38.    Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and therefore Defendant is each subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

## FIRST CLAIM FOR RELIEF
### Negligent Conduct

39.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

40. Defendant assumed a duty, through the subscriber agreement and other actions, to accurately report the date of delinquency on accounts, like Reese's.

41. Defendant agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681s-2(a)(1)(A) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate</u>."

- 15 U.S.C. § 1681s-2(a)(2) which states:

" A person who –
(C)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
(D)    <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate,</u>
shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

- 15 U.S.C. § 1681s-2(a)(5) which states:

"(A) In general
A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the

commencement of the delinquency on the account that immediately preceeded the action"

(B) Rule of construction

For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph if-

(i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;

(ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or

(iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of delinquency precedes the date on which the account is placed for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

[Emphasis added].

42.    Defendant has a duty under state law to act reasonably under the circumstances.

43.    Defendant has violated this duty under state law by failing to act reasonably under the circumstances which include, but are not limited[2] to, the following:

---

[2] Until discovery is completed, Plaintiff cannot know all the circumstances for the Defendant.

- Defendant previously reported incorrect dates of delinquency on all accounts belonging to Reese;

- Defendant routinely updates credit reports;

- Defendant failed to notify TransUnion and/or Equifax that the date(s) of delinquency were inaccurate;

- Defendant knows that a user of a credit report of Reese will see the dates of delinquency that LVNV provides.

- Defendant knows that leaving providing inaccurate dates of delinquency will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

- Defendant knows it is an extraordinarily easy matter to update Reese's credit report;

- Defendant knows and has agreed it must follow the FCRA which requires inaccurate information to be updated and corrected;

- Defendant has chosen to not update the accounts; and

- Defendant knows its actions will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

44. LVNV violated all of the duties the Defendant had and such violations were made negligently as Defendant refused to comply with all of the duties it had.

45.    It was foreseeable, and the Defendant did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Reese.

46.    Defendant acted with negligence in their dealings with and about Reese as set forth in this Complaint.

47.    Reese has been damaged as a proximate result of LVNV's wrongful conduct as set forth in this Complaint and assigned all applicable claims and damages to Todd under contract.

WHEREFORE, Todd demands judgment against LVNV for actual and compensatory totaling in excess of $75,000, the costs of the action including expenses, and all other relief deemed just and appropriate.

## SECOND CLAIM FOR RELIEF
## <u>Gross Negligence</u>

48.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

49.    Defendant assumed a duty, through the subscriber agreement and other actions, to accurately report dates of delinquency of Defendant's accounts after individuals, like Reese's account has been recalled by a creditor.

50.    Defendant has agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681s-2(a)(1)(a) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate</u>."

• 15 U.S.C. § 1681s-2(a)(2) which states:

" A person who –

(E)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(F)    <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate</u>,

shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and <u>accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

• 15 U.S.C. § 1681s-2(a)(5) which states:

"(A) In general
A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceeded the action"

(B) Rule of construction
For purposes of this paragraph only, and provided that the consumer does not dispute the information, a person that furnishes information on a delinquent account that is placed for collection, charged for profit or loss, or subjected to any similar action, complies with this paragraph if-
(i) the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency;

(ii) the creditor did not previously report the date of delinquency to a consumer reporting agency, and the person establishes and follows reasonable procedures to obtain the date of delinquency from the creditor or another reliable source and reports that date to a consumer reporting agency as the date of delinquency; or

(iii) the creditor did not previously report the date of delinquency to a consumer reporting agency and the date of delinquency cannot be reasonably obtained as provided in clause (ii), the person establishes and follows reasonable procedures to ensure the date reported as the date of delinquency precedes the date on which the account is placed for collection, charged to profit or loss, or subjected to any similar action, and reports such date to the credit reporting agency.

[Emphasis added].

51.    Defendant has a duty under state law to act reasonably under the circumstances.

52.    Defendant has violated this duty under state law by failing to act reasonably under the circumstances which include, but are not limited[3] to, the following:

- Defendant previously reported incorrect dates of delinquency on all accounts belonging to Reese;

- Defendant routinely updates credit reports;

- Defendant failed to notify TransUnion and/or Equifax that the date(s) of delinquency were inaccurate;

---

[3] Until discovery is completed, Plaintiff cannot know all the circumstances for the Defendant.

- Defendant knows that a user of a credit report of Reese will see the dates of delinquency that LVNV provides.

- Defendant knows that leaving providing inaccurate dates of delinquency will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

- Defendant knows it is an extraordinarily easy matter to update Reese's credit report;

- Defendant knows and has agreed it must follow the FCRA which requires inaccurate information to be updated and corrected;

- Defendant has chosen to not update the accounts; and

- Defendant knows its actions will harm Reese, Reese's credit worthiness, and/or Reese's credit score;

53. Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, maliciously, and with reckless disregard as Defendant refused to comply with all of the duties Defendant had.

54. Defendant has acted in utter and reckless disregard for the rights of Reese and has decided to take (or fail to take) action which Defendant knows or is substantially certain will result in harm to Reese. The Defendant has acted wrongfully without just cause or excuse as Defendant has and had an intent to harm the Reese and/or acted with an evil intent.

55. It was foreseeable, and the Defendant did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by Reese.

56. Defendant acted with malice and/or intentional (willful) conduct in their dealings with and about Reese as set forth in this Complaint. This includes the intentional refusal to properly update the accounts. Defendant is liable to Todd for all damages, including punitive damages.

57. Reese has been damaged as a proximate result of Defendant's wrongful conduct as set forth in this Complaint. Reese assigned all applicable claims and damages to Todd under contract.

WHEREFORE, Todd demands judgment against LVNV for actual, compensatory and punitive damages totaling in excess of $75,000, the costs of the action including expenses, and all other relief deemed just and appropriate.

### THIRD CLAIM FOR RELIEF
### Violation of the Fair Debt Collection Practices Act

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

59. In the entire course of action, LVNV violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation of the date of delinquency on one or more of the Reese accounts being reported by LVNV to TransUnion and/or Equifax in connection with the collection of one or more of the Reese accounts being reported by LVNV.

60.     Reese has been damaged as a result of Defendant's wrongful conduct as set

        forth in this Complaint. Reese assigned all applicable claims and damages to

        Todd under contract.

61.     LVNV is liable to Todd for the damages.

WHEREFORE, Todd demands judgment against LVNV for the greater of actual or

statutory damages, the costs of this action, and any other relief deemed just and

appropriate.

## **TRIAL BY JURY**

62.     Todd requests a trial by jury.


Respectfully submitted:/s/ Michael Todd
Michael Todd, Plaintiff, pro se
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-377-2959